UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OMNIPOINT HOLDINGS, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE TOWN OF MANCHESTER-BY- ) <br> THE-SEA, TOWN OF MANCHESTER- ) <br> BY-THE-SEA ZONING BOARD OF ) <br> APPEALS, TOWN OF MANCHESTER- ) <br> BY-THE-SEA PLANNING BOARD, ) <br> PETER LEONE, DARRELL ALDRICH ) <br> CHARLES EVERITT, PETER ) <br> FEUERBACH and PAUL SULLIVAN in ) <br> their capacities as members of the ) <br> Manchester-by-the-Sea Zoning Board of ) <br> Appeals, and CARROLL CABOT, ) <br> THEODORE BROWN, DONALD ) <br> HALGREN, GARY GILBERT, ) <br> JOHN NEWHALL and THOMAS KEHOE, ) <br> in their capacities as members of ) <br> Manchester-by-the-Sea Planning Board ) <br> ) | Civil Action No. <br><br> **04-11460 RWZ** <br><br> MAGISTRATE JUDGE Alexander |

## COMPLAINT

### INTRODUCTION

This action arises out of the unlawful denial by the Town of Manchester-by-the-Sea Planning Board and Zoning Board of Appeals ("ZBA") of applications by Omnipoint Holdings, Inc. ("Omnipoint") for a special permit and height variance under the Manchester-by-the-Sea Zoning By-Law (the "Zoning By-Law" or "By-Law") to construct a one-hundred fifty foot flagpole type telecommunications monopole, together with equipment cabinets at the base of the pole, to be located at property leased by Omnipoint at 153 Pine Street, Manchester-By-The-Sea. The Planning Board's denial of Omnipoint's application for a special permit and the ZBA's denial of a height variance violates § 704 of the Federal Telecommunications Act of 1996, 47

U.S.C. § 332(c). Accordingly, Omnipoint seeks an injunction from this Court directing the ZBA to grant Omnipoint's application for a height variance, and directing the Planning Board to grant Omnipoint's application for a special permit and for injunctive relief, compensatory damages and attorneys' fees resulting from defendants' violation of Omnipoints' rights under the Federal Telecommunications Act of 1996 and under 42 U.S.C. § 1983.

## THE PARTIES

1. Plaintiff, Omnipoint is a Delaware corporation with a principal place of business at 50 Vision Boulevard, East Providence, Rhode Island. Omnipoint is a leader in commercial wireless Personal Communication Services ("PCS") throughout the United States. Omnipoint successfully bid upon and received a PCS wireless broadcast license from the Federal Communications Commission ("FCC") for several cities, including the greater Providence area.

2. Defendant, the Town of Manchester-by-the Sea ("Manchester" or the "Town") is a duly authorized municipality constituted and existing under the laws of the Commonwealth of Massachusetts.

3. Defendant, ZBA, is a duly authorized unit of the Town that has been delegated the authority, among other things, to grant height variances under the Town's Zoning By-Law.

4. Defendant, Manchester Planning Board, is a duly authorized unit of the Town that has been delegated the authority, among other things, to grant special permits for wireless telecommunication facilities under the Town's Zoning By-Law.

5. Defendants Peter Leone, Darrell Aldrich, Charles Everitt, Peter Feuerbach and Paul Sullivan served as the ZBA that denied the request for the height variance at issue in this action.

6. Defendants, Carroll Cabot, Theodore Brown, Donald Halgren, Gary Gilbert, John Newhall and Thomas Kehoe served as the Planning Board that denied the request for the special permit at issue in this action.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically § 704 of the Federal Telecommunications Act of 1996.

8. This Court also has subject matter jurisdiction of this action under 28 U.S.C. § 1343(a), as this is an action to redress the deprivation, under color of law, of rights and privileges secured by the laws and Constitution of the United States.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b), since the Defendants each reside in this District, and/or the events and/or omissions giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

### The Personal Communications Service Technology

10. Omnipoint is a communications venture committed to providing integrated wireless personal communications services by building a national wireless network using PCS technology. PCS technology is a new generation of wireless service that uses digital transmission to improve the services available to consumers.

12. Unlike cellular services using analog-based systems, PCS digital technology converts voice or data signals into a stream of digits to allow a single radio channel to carry multiple simultaneous signal transmissions. This allows Omnipoint to offer services unavailable

3

in analog-based systems, such as secured transmissions and enhanced voice, high-speed data, paging and imaging capabilities as well as voice mail, call forwarding and call waiting.

13. Mobile telephones using PCS technology operate by transmitting a radio signal to antennas mounted on a tower, pole, building, or other structure. The antenna feeds the signal to electronic devices housed in a small equipment cabinet, or base station. The base station is connected by microwave, fiber optic cable, or ordinary telephone wire to the Base Station Controller, subsequently routing the calls throughout the world.

14. Because the PCS system has a lower signal and a much higher frequency than traditional cellular technology, the range between the PCS mobile telephone and the antennas is limited.

15. In order to provide continuous service to a PCS telephone user, coverage must overlap in a grid pattern resembling a honeycomb. In the event that Omnipoint is unable to construct a cell site within a specific geographic area, Omnipoint will not be able to provide service to the consumers within that area.

16. Omnipoint's engineers use complex computer programs and extensive field testing to complete a propagation study, which shows where cell sites need to be located in order to provide service. The propagation study also takes into account the topography of the land, the coverage boundaries of neighboring cells and other factors. In order for the entire system to be operational, there must be properly placed cell sites installed and functioning so that seamless coverage can be realized, and only when the entire system is operational will a PCS telephone user have service and an uninterrupted conversation throughout a given territory. If there is no functioning cell site within a given area, there would be no PCS telephone service for customers

within that area, and mobile customers who travel into the area will experience an unacceptable level of dropped calls.

17. Based upon Omnipoint's research and analysis, Omnipoint determined that it could best provide PCS coverage to the targeted areas of Manchester by constructing a monopole structure at a height of one hundred fifty feet on an approximately six acre site that Omnipoint had leased at 153 Pine Street, Manchester. ("the Pine Street site").

18. Omnipoint determined that, because of its location and size, the Pine Street site provided the optimal site within Manchester to provide coverage consistent with the dictates of its FCC license requirements.

19. In order to minimize any negative aesthetic impact of its proposed structure, Omnipoint determined that it could place its antennas within a one-hundred fifty foot pole camouflaged as a flagpole.

20. Omnipoint has had a significant gap in coverage with respect to this section of the Town of several years and had explored a number of potential sites for a wireless telecommunications facility, without success, for a period of nearly five years prior to its application for the instant height variance and special permit, including efforts to locate its facilities on property owned by the Town.

**Federal Statutory Control Over PCS Siting**

21. Section 704 of the Federal Telecommunications Act of 1996 (the "Act"), 47 U.S.C. § 332(c), governs federal, state and local government regulation of the siting of PCS facilities such as the one at issue here.

22. The Act further provides that any person adversely affected by a state or local government's act, or failure to act, that is inconsistent with § 332(c)(7) of the Act may seek expedited review in the federal courts. 47 U.S.C. § 332(c)(7)(B)(v).

**The Zoning Ordinance**

23. Sections 4.10 and 7.5.of the Zoning By-Law authorizes the use proposed by Omnipoint with the granting of a special permit by the Planning Board. A true and accurate copy of the Zoning By-Law is attached hereto as Exhibit A.

24. Sections 4.10.3 and 7.5.2 of the Zoning By-Law contains a list of requirements that must be met before a special permit will be granted. These include findings by the Planning Board that the proposed use will not be detrimental to the surrounding neighborhood in light of a) the adequacy of the site in terms of size for the proposed use; b) the suitability of the site for the proposed use; c) its impact on traffic flow and safety; d) its impact on neighborhood visual character, including views and vistas; e) adequacy of method of sewage disposal, source of water and drainage; f) adequacy of utilities and public services; and, g) its impact on public or private water supplies, wildlife habitats and other natural resource issues deemed appropriate by the special permit granting authority.

25. Section 7.4.6 of the Zoning By-Law authorizes the ZBA to grant height variances from the height requirements of the Zoning By-Law where the ZBA determines that owing to circumstances relating to the soil conditions, shape or topography of land or structures, a literal enforcement of the provisions of the Zoning By-Law would involve substantial hardship and that the relief sought by the applicant could be granted without substantial detriment to the public good and without nullifying or substantially derogating from the intent or purpose of the Zoning By-Law.

### Omnipoint's Applications under the Zoning By-Law

26. On or about January 5, 2004, Omnipoint formally applied to the Planning Board pursuant to §§ 7.5. and 4.10 of the Zoning By-Law for a special permit for a one-hundred fifty foot flagpole style monopole at the Pine Street Site.

27. On or about January 5, 2004, Omnipoint formally applied to the ZBA, pursuant to 7.4.6 of the Zoning By-Law, for a height variance with respect to the monopole.

28. Omnipoint's application to the Planning Board met all of the requirements of the Zoning By-Law for the issuance of a special permit.

29. Omnipoint's application to the ZBA for a height variance met all of the requirements of the Zoning By-Law for the issuance of a height variance.

### The Planning Board's Denial of Omnipoint's Special Permit

30. The Planning Board held five public hearings on Omnipoint's application for a special permit. During the public hearings, Omnipoint submitted evidence regarding a) the proposed installation, (including information in response to design and safety concerns); b) Omnipoint's existing coverage and the necessity for the proposed facility at the Pine Street site in order to provide seamless coverage; c) the proposed coverage resulting from the proposed installation; d) Omnipoint's efforts to find alternative sites in the area; e) the coverage provided from certain alternative sites which, though not commercially available, were the subject of inquiry by the Planning Board; e) Omnipoint's right of access to the Pine Street site; and, f) satisfaction of each of the legal criteria for issuance of a special permit. Omnipoint presented testimony from a radio frequency expert and provided funding to the Town in order for the Town to retain its own radio frequency expert.

7

31. After the fifth hearing on May 25, 2004, the Planning Board voted to deny Omnipoint's application for a special permit by a vote of 5-0. The Planning Board filed its decision with the Manchester Town Clerk on June 1, 2004. A true and accurate copy of the Planning Board's decision is attached hereto as Exhibit B.

32. In its decision, the Planning Board relies on statements that were contrary to the evidence submitted at the hearing.

### The ZBA's Denial of Omnipoint's Variance Application

33. The ZBA held five public hearings on Omnipoint's application for a height variance. As with its application before the Planning Board, Omnipoint introduced evidence to satisfy the legal criteria for a height variance. Additionally, Omnipoint introduced evidence from a radio frequency engineer regarding the substantial gap in its PCS coverage, and the desirability of the Pine Street site to provide coverage superior to alternative sites. At the hearings, Manchester provided the testimony of its own radio frequency expert whose report provided no evidence contrary to the assertion of Omnipoint's significant coverage gap.

34. Following the conclusion of its fifth public hearing, the ZBA voted, five to zero, to deny Omnipoint's application for a height variance. The ZBA filed its decision with the Manchester Town Clerk on May 27, 2004. A true and accurate copy of the ZBA's decision is attached hereto as Exhibit C.

35. In its decision, the ZBA relies on statements that were contrary to the evidence submitted at the hearing.

## COUNTS

### Count I - Telecommunications Act of 1996:  The Planning Board Denial

36. Omnipoint hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 35 above as if fully set forth herein.

37. Article VI, Clause 2, of the United States Constitution, commonly known as the Supremacy Clause, provides, in relevant part, that "[t]his Constitution and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the Supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

38. The Act governs the regulation of the placement, construction, and modification of personal wireless service facilities and, under the Supremacy Clause, preempts state laws and municipal ordinances or by-laws affecting such facilities to the extent that such laws, ordinances, and by-laws conflict with the Act.

39. Omnipoint's applications for a special permit and for a height variance each constitute a request to provide "personal wireless services" within the meaning of the Act, and, as such, are entitled to the protection of the Act.

40. Pursuant to 47 U.S.C. § 332(c)(7)(B), the "regulation of the placement, construction and modification of personal wireless service facilities by any State or local government or instrumentality thereof …(II) shall not prohibit or have the effect of prohibiting the provision of personal wireless services".

41. Omnipoint has established that the denial of its request for a special permit to construct a one hundred fifty foot flagpole-style monopole, with antennas placed within the cylindrical structure of the monopole, would result in a significant gap in its provision of wireless

9

communication services to its customers, and that there are no currently available alternative sites within the affected area which provide a comparable level of coverage.

42. Consequently, the Planning Board's denial of Omnipoint's application for a special permit violated the Act's requirement that state or local governments not prohibit or effectively prohibit the provision of personal wireless services. 47 U.S.C. § 332(c)(7)(B)(II)

43. Accordingly, the Planning Board's action is in violation of, and preempted by, the Act and the Supremacy Clause, and should be set aside and enjoined by the Court on that basis. Further, this Court should exercise its power to issue an order commanding the Planning Board to grant the special permit for which Omnipoint has applied.

44. Pursuant to 47 U.S.C. § 332(c)(7)(B)(iii): "[a]ny decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record."

45. Omnipoint has fulfilled all of the criteria required by the By-Law in order to receive a special permit.

46. It is the defendants' burden to produce substantial evidence supporting its denial of Omnipoint's application.

47. The Planning Board's decision, which relies on inaccurate statements and statements contrary to those actually introduced as evidence at public hearings held on Omnipoint's application for a special permit violates the Act in that it is not "supported by substantial evidence contained in a written record." 47 U.S.C. § 332 (c)(7)(B)(iii).

48. For this reason as well, the Planning Board's action is in violation of, and preempted by, the Act and the Supremacy Clause, and should be set aside and enjoined by the

Court on that basis. Further, this Court should exercise its power to issue an order commanding the Planning Board to grant the special permit as applied for by Omnipoint.

### Count II- Telecommunications Act of 1996: The ZBA Denial

49. Omnipoint hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 35 above as if fully set forth herein.

50. Omnipoint has established that the denial of its request for a dimensional, or height variance to construct a one hundred fifty foot flagpole-style monopole, with antennas placed within the cylindrical structure of the monopole, would result in a significant gap in its provision of wireless communication services to its customers, and that there are no currently available alternative sites within the affected area which provide a comparable level of coverage.

51. Consequently, the ZBA's denial of Omnipoint's application for a height variance violated the Act's requirement that state or local governments not prohibit or effectively prohibit the provision of personal wireless services. 47 U.S.C. § 332(c)(7)(B)(II).

52. The ZBA's denial of Omnipoint's application for a height violated the Act's requirement that state or local governments not prohibit or effectively prohibit the provision of personal wireless services. 47 U.S.C. § 332(c)(7)(B)(II).

53. Consequently, the ZBA's denial of Omnipoint's variance application is in violation of, and preempted by, the Act and the Supremacy Clause, and should be set aside and enjoined by the Court on that basis. Further, this Court should exercise its power to issue an order commanding the ZBA to grant the variance for which Omnipoint applied.

54. Pursuant to 47 U.S.C. § 332(c)(7)(B)(iii): "[a]ny decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal

11

wireless service facilities shall be in writing and supported by substantial evidence contained in a written record."

55.   Omnipoint has fulfilled all of the criteria required by the Zoning By-Law in order to receive a dimensional variance.

56.   It is the defendants' burden to produce substantial evidence supporting its denial of Omnipoint's application.

57.   The ZBA's decision, which relies on inaccurate statements and statements contrary to those actually introduced as evidence at public hearings held on Omnipoint's application for a dimensional variance violates the Act in that it is not "supported by substantial evidence contained in a written record." 47 U.S.C. § 332 (c)(7)(B)(iii).

58.   The ZBA's denial of Omnipoint's application is in violation of, and preempted by, the Act and the Supremacy Clause, and should be set aside and enjoined by the Court on that basis. Further, this Court should exercise its power to issue an order commanding the ZBA to grant the variance for which Omnipoint has applied.

### Count III- Violation of 42 U.S.C. § 1983 by The Town

59.   Omnipoint hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 58 above as if fully set forth herein.

60.   Title 42 U.S.C. § 1983 provides, in relevant part, that: [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in the action at law, suit in equity, or other proper proceeding for redress.

61. The Planning Board and the ZBA, both acting as units of the Town of Manchester, acted under color of law in denying Omnipoint's applications for a special permit and for a height variance.

62. Defendants violated the rights, privileges or immunities of Omnipoint under the Federal Telecommunications Act. The Defendants therefore acted in violation of Omnipoint's rights as secured by 42 U.S.C. § 1983.

63. Accordingly, the Defendants' action should be set aside and enjoined by the Court as a violation of 42 U.S.C. § 1983. Further, the Court should exercise its power to issue an order commanding the Planning Board to grant the special use permit as applied for by Omnipoint and to grant the dimensional variance for which Omnipoint applied.

**WHEREFORE**, Omnipoint respectfully requests the following relief as against the defendants:

1. An expedited review of the matters set forth in this Complaint;

2. An injunction mandating that the ZBA grant approval of the height variance for which Omnipoint applied;

3. An injunction mandating that the Planning Board grant approval of the special permit for which Omnipoint applied;

4. An injunction and order of mandamus directing the Town, through its officers and agents, to issue all ancillary permits, including, without limitation, a building permit for construction of the monopole and all accompanying equipment sought in the special permit and variance applications that are the subject of this action;

5. A judgment that the Defendants' actions violated the Act and are therefore void and invalid;

6.  An award of Omnipoint's damages caused by Defendants' violation of the Federal Telecommunications Act of 1996;

7.  An award of Omnipoint's damages caused by Defendants' violation of the 42 U.S.C. § 1983.;

8.  An award of Omnipoint's costs of suit herein, including reasonable attorneys' fees; and

9.  Such other and further relief as the Court may deem just and proper.

OMNIPOINT HOLDINGS, INC.

By its attorneys,

*/s/ William A. Worth*

William A. Worth, Esq., BBO # 544086
Craig M. Tateronis, Esq., BBO #553628
PRINCE, LOBEL, GLOVSKY & TYE LLP
585 Commercial Street
Boston, MA 02109
Telephone: (617) 456-8000

Dated: June 25, 2004

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Omnipoint Holdings, Inc.

**DEFENDANTS** The Town of Manchester-By-The Sea, Town of Manchester-By-The-Sea Zoning Board of Appeals, Town of Manchester-By-The Sea Planning Board, Peter Leone, Darrell Aldrich, et al.

(b) County of Residence of First Listed Plaintiff: Rhode Island
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: Essex
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) (617) 456-8000
William A. Worth (BBO# 544086)
Craig M. Tateronis (BBO# 553628)
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street, Boston, MA 02109-1024

Attorneys (If Known)
**04-11460 RWZ**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General / ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty / ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other / ☐ 790 Other Labor Litigation | ☐ 871 IRS Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights / ☐ 791 Empl. Ret. Inc. Security Act | | 47 USC s. 332(c) |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This is a claim arising from the unlawful denial, in violation of 47 USC s. 332(c) by the Town of Manchester-By-The-Sea Zoning Board of Appeals and Planning Board of plaintiff's applications for a dimensional variance and for a special permit.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: June 25, 2004
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Omnipoint Holdings, Inc. v. Town of Manchester-By-The-Sea__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   **04-11460 RWZ**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __William A. Worth, Esq., Craig M. Tateronis, Esq.__
ADDRESS __Prince, Lobel, Glovsky & Tye LLP, 585 Commercial St., Boston, MA 02109__
TELEPHONE NO. __(617) 456-8000__

(Coversheetlocal.wpd - 10/17/02)